in here when your case is going to come up okay uh Mr. Denny is it is that how you pronounce it excuse me the e is silent so it's again uh the court wants to thank you for taking this case under the criminal justice act thank you your honor may it please the court uh counsel i represent uh mr fernando espinoza who in the subject of this 2255 post conviction relief action mr espinoza just by way of brief background summary was charged by way of indictment in the northern district of iowa on february 23rd 2007 charging him with possession or conspiracy to distribute 500 grams or more of a mixture of substance containing methamphetamine and then as part of that indictment it also stated that he had a prior felony drug offense that quoting directly from the indictment here that his possession with intent to distribute methamphetamine on or about july 17 1992 in the united states district court for south dakota after several months of pre-trial motions including several motions to continue and a change in counsel a superseding indictment was filed on september 22nd 27th 2007 the only change uh between the original indictment and the superseding indictment was a the addition of an alternative as to drug quantity that he could be he was also charged with 50 grams or more of pure methamphetamine so the effect of the indictment was he was faced with 10-year mandatory minimum on the drugs and then the uh the section 851 enhancement led to a mandatory minimum of 20 years mr espin we're really dealing with the uh ineffectiveness of counsel correct correct because uh judge o'brien uh thought he'd do us a favor by giving a lot of other issues yeah ineffective assistance is really what i want to talk about today and with with uh primarily dealing with the section 851 enhancement uh as well as i'll talk a little bit depending on time allowing about pre-trial uh investigation going over discovery file talking about plea agreements and things like that with the client as to the section 851 enhancement uh the primary argument we have there of course is that the 851 enhancement was uh ineffective for failing to bring that to the attention of the court failing to vigorously contest that enhancement uh and ultimately was there a defect beyond misstating what state the conviction was in the the defect is stating south dakota when the conviction was in the northern district of iowa so of course the question is does sturdivant apply sturdivant and curial before that curial was a case where uh the defect in the indictment i think dealt with the prior conviction was uh sale or was it just possession that was a case that judge o'brien talked about in his ruling uh the case that the government has primarily relied upon sturdivant which also dealt with a mistaken state name in the section 851 enhancement so in sturdivant the court of course held that that was a clerical mistake um which triggers the last sentence of section 851a which is a clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence so the issue is and i don't there's not a lot of case law that really talks about it talks about what what is a clerical mistake or not but it doesn't really seem to address in my opinion the example of here where it's my uh my submission the clerical mistake assuming it was i'm not going to uh give that up because i think there's some differences between this case and sturdivant as to whether or not it's a clerical mistake based upon the sufficient the specifics given but i'll assume for a minute that it is a clerical mistake the problem is that it wasn't fixed by way of an counsel did not object and that's part of the ineffective assistance council didn't even quite frankly i asked to counsel trial counsel at the post-conviction relief hearing um when he realized that mr espinoza never had a conviction uh in the state of south dakota and he said well when i saw the 2255 petition he did not even realize that there was a discrepancy between the trial the superseding indictment which contained the section 851 enhancement compared to what actually had happened and what was set forth in the pre-sentence investigation report is it your position that no prejudice is required uh the uh my position is that this is jurisdictional we've got cases that essentially rejected that i think uh alternatively i would also indicate that uh in the neary versus us as a case i don't know if it's in the briefs or not it would be 998 f second 563 does talk about that this is not a harmless you don't conduct a harmless error analysis um i would still put some potential prejudice responsibility on you to show that your your client was uh disadvantaged i think my client the primary disadvantage here was he wasn't his attorney didn't even again using the cause and prejudice analysis of strickland he wasn't even informed that there was the attorney knew there was a conviction in another in a different state correct it wasn't that was uh the conviction that the government was identifying correct i see he was on notice that the government was seeking to enhance his sentence based on a prior conviction he was on notice that there was an intent to seek enhancement what he was not on notice of uh by way of uh council pointing it out to him that there was a mistake in that enhancement and whether how to go best go about dealing with that council for example uh took the step of of uh of also at trial i believe in terms of in an attempt to not have that conviction come into evidence he stipulated to it out uh outside of the presence of the jury but again i don't know how you can stipulate to something that's not even correct without having a discussion about that with the client first i think it's just a pattern of it's indicative of overall pattern of benefit active assistance in this case which uh mr espinosa at the hearing talked about how the discovery file was not reviewed with him prior to the trial that to enhancement or to over or to the any of your issues the uh as to ineffective assistance the the primary prejudice we're relying upon at this stage would be number one i i'm not conceding that there was no prejudice it's the 851 enhancement i think that there needed to be an informed uh before a client can make that kind of a decision to to stipulate to a a prior conviction he has to know exactly what the conviction is and have an informed discussion with counsel about it number one number two is to the trial itself uh there was no discussion about witnesses uh for the defense and third there was no discussion about plea bargains and of course that's the subject of the some of the supreme court's most recent uh case law in the that would be the lefler on the missouri cases from the supreme court which talks about um lefler versus cooper missouri versus fry uh those cases talk about uh the duties of counsel during the course of legal representation to discuss uh potential plea offers with the client the problem here the the factual wrinkle is that the counsel did not even actively seek a plea offer for the client in this case those cases talk generally more about a situation where you have a and there is a plea offer pending and offered the counsel advised rejection of it and the supreme court found that that was ineffective well here you take a step back from that i don't think there was an actual plea offer made counsel didn't even talk with a client about soliciting a plea offer or inviting a plea offer from the government in this case so something in here where is then counsel indicated somewhere in court records that even if it had been uh presented the client would have not accepted it that was i think clients the counsel's testimony at the post-conviction relief hearing um the problem with that is without even without knowing without soliciting a plea agreement and discussing again having that kind of informed consent type of discussion with a client that would be conjecture but he made any overtures or communicated any willingness to cooperate with the government um i think that that was discussed um what counsel i think maybe part of part of that same testimony that judge by is referring to did discuss possibility of cooperation um as far as at this stage of the proceeding i think that's probably too late if that's what you're asking generally these cooperation you got to move pretty quickly on it or else the information becomes stale um so really those are the basis of the ineffective assistance of counsel claims i'm going to reserve the rest of my time for rebuttal thank you okay um mr lammers uh good morning your honors my name is jack lammers i am an assistant united states attorney in the northern district of iowa i'm in the western division in the sioux city office i represent the united states in this case if i could i would like to address a couple of the points that that your honors raised with mr den first of all the question i think was raised about whether or not um cooperation was pursued and i think the testimony from mr espinoza's original attorney a fellow by the name of joe flannery established pretty clearly that he approached mr espinoza he and i had a conversation um mr flannery and i uh and i explained to him that i was interested in the uh in the cooperation of the defendant i believe that's reflected in mr flannery's testimony uh at the 2255 hearing he approached his client and said uh that the government's interested in having you cooperate uh mr espinoza was not interested mr espinoza rejected that and i believe mr flannery testified that it was mr espinoza's position that this was a trial that he was on a trial footing all the way he didn't want to cooperate he didn't want to plead guilty and in part based on the fact that he was advised by counsel that he was facing a 20-year mandatory minimum he was facing a 20-year mandatory minimum if he went to trial and was convicted he was facing a 20-year mandatory minimum if he pled guilty unless he cooperated and mr espinoza rejected the cooperation there's simply no ineffective assistance of counsel in regards to those grounds because the defendant just was never interested all the way along in regards to um judge smith your question about whether or not there was an additional defect uh in the 851 notice the 851 notice uh listed the correct day the correct date or excuse me the correct year the correct offense of conviction and listed the correct sovereign the united states it failed to list the correct state where the conviction occurred it stated south dakota instead of the northern district of iowa but if you take a look at the here initially the defendant was indicted in february i believe february 23rd of 2007 in february uh on february 27th of 2007 he met with mr flannery at the initial appearance and arraignment at that time the indictment was read to the defendant formally on the record judge zoss noted that in the minutes of testimony and i believe that's at um excuse me your honors uh i believe that's at the criminal docket um document number nine indictment was read to him then mr flannery testified at the 2255 hearing he said i met with my client on that day i met with him at the initial appearance at this point judge o'brien is residing judge o'brien was uh was the judge that this uh he's the judge that this case was the judge presiding at the arraignment uh and at the initial appearance but the district court was judge o'brien um and in uh february on february 27th mr flannery met with the defendant and said you've got a prior conviction um you are facing a 20-year mandatory minimum i'm paraphrasing but that his testimony is uh that he explained it to him and he explained the 20-year mandatory minimum to him on march 6th of the same year there's a detention hearing the detention hearing is in front of judge zoss uh during the detention hearing the testimony is given that the defendant had a prior felony drug conviction that he was still on probation for that prior felony drug conviction and judge used judge zoss used that in part to determine that detention was appropriate and in his order of march 6 and this is at the criminal docket uh 16 judge zoss said in addition although the defendant has significant ties to the community he is facing the possibility of 20 years in prison so the defendant was put on notice by his attorney mr flannery the defendant was put on notice by uh judge zoss when he read the um formally read the indictment to him and he was put on notice by judge zoss in his detention order that he had a prior felony drug conviction and that the government was seeking to enhance his sentence based on that prior felony drug conviction and in fact the defendant has only one prior felony drug conviction i believe that's at um in the pre-sentence report i'm sorry i don't recall specifically what the paragraph is but he has one prior conviction this isn't a situation where the defendant had 10 prior drug convictions and was unsure as to what could he he could reasonably be put on notice in regards to he had one prior felony drug conviction that he happened to be on probation for when he committed the second uh drug conviction so uh there simply is nothing that shows that the defendant wasn't placed on notice didn't know what conviction uh he was uh he was on notice for uh and had the opportunity to challenge it in fact um according to i believe the uh the higgins case and i believe uh judge by you were uh you were on the panel on the higgins case from march of this year uh the uh the purpose of the 851 notice is i guess basically threefold number one to notice the defendant of uh the prior conviction to notice the defendant of the enhanced penalties of the prior conviction and to give the defendant an opportunity to challenge the prior conviction defendant in this particular case clearly was on notice of the prior conviction it was given to him i guess uh nearly a year before he was actually tried uh he was uh put on notice of the mandatory minimum attorney flannery and attorney eastman's eastman testified at the 2255 hearing that they specifically explained to him that he was facing a 20-year mandatory minimum and uh the defendant simply never challenged it that second prong of the is that the defendant is deemed to have waived those challenges if he doesn't raise them he never raised the challenge in regards to the question as as to prejudice the defendant simply can establish no prejudice here i would not grant that the notice is defective in and of itself and i think there's case law uh in regards to this and and specifically a case out of the ninth circuit the severino case and that is relied upon strongly by the sturdivant case in severino we have a very similar factual situation in that particular case a defendant had a prior drug conviction from um i believe it was rhode island at the time of the plea hearing uh the 851 notice was filed i think in fairbanks even though the fairbanks alaska even though the the plea took place at a different uh in a different area council knew of it defendant knew of it uh agreed and uh and pled guilty based on the 851 notice even though the state was wrong they believed it was massachusetts or it was listed as massachusetts but it actually was rhode island and judge kaczynski determined or in his opinion said the notice wasn't defective this isn't we don't even have to reach the clerical error sort of exception for the 851 notice that it wasn't defective the defendant in that case also only had one prior drug conviction and the court said that's he was on plenty of notice this gave him enough notice to do what 851 requires and i would submit that's what we have in this particular case here it's very factually similar council has focused on the fact that um an amended notice was not uh was not filed prior to the sentencing hearing under the severino case an amended notice was never filed either and the court said it doesn't matter we don't need to reach that particular issue the notice was uh was constitutionally insufficient uh as is even with the mistake again back to the prejudice prong even if this court were to determine that the notice was insufficient defendant cannot establish prejudice because the remedy uh if the court were to remand is simply to file an amended 851 notice and that's what this mistaken state in the 851 enhancement uh is able to be amended anytime prior to sentencing if this case was remanded a simple amendment to the 851 notice could be done and the defendant still faces the mandatory minimum 20 years in prison so there simply is no prejudice in this particular case in regards to uh i guess the other claims of ineffective assistance of counsel i would simply state to the court uh i believe judge o'brien has uh has correctly dealt with them the testimony from um both mr eastman and mr uh flannery contradict the claims made by mr espinoza they both testified they looked at the discovery file they went over the discovery file with him mr flannery testified that he did a detailed six page outline of what was in the discovery file that he went over it with the defendant mr eastman testified that he went over the discovery file with the defendant as well essentially this is a credibility contest uh and the district court apparently granted or or gave credence to the uh the testimony of the attorneys as to uh the fact that they did go over to the discovery file with the defendant and did explain to the defendant what was in the discovery file in regards to the other claims again similar analysis i think one of the other claims was that the defendant failed to investigate or excuse me um council failed to investigate uh and uh and interview witnesses uh judge o'brien determined that for example um mr eastman uh spent a went through his his billing statement that he spent a number of hours uh interviewing a number of hours investigating a number of hours meeting with his investigator who he hired to talk to uh the witnesses and significantly the one witness that um mr espinoza claimed was favorable to him actually testified at the trial the one witness he was focused on is kendra davis she testified uh and the purpose of the testimony uh uh mr espinoza claims is that somehow or another there would have been a uh they could have um accused miss davis of planning the methamphetamine uh that was recovered from his house because she had previously been in the house that day that information came out at the trial uh at the trial miss davis testified that she had been in mr espinoza's house in south sioux city nebraska on that particular day that she had picked up some methamphetamine from a cupboard and she was leaving uh leaving the house that was the same day the search warrant was done that information was presented to the jury the tactic that mr eastman testified to uh the tactic was let's challenge this in a different way let's go after the conspiracy angle of uh of this trial uh and as this court knows we don't look at the tactics that council uses in hindsight um in this particular case mr eastman determined again after consultation with his uh with his client that that was the most appropriate avenue to to attack the case and it makes sense the defendant was seen in a hand-to-hand transaction where he delivered two ounces of methamphetamine to jacqueline monk law enforcement witnessed it law enforcement picked up miss monk immediately after that uh that transaction they recovered the two ounces of methamphetamine from her glove they then get a search warrant of the defendant's secret compartment money so it makes sense for council to say well what can we what can we attack here it's a very strong case what can we attack here they attack the underlying conspiracy that is the kind of judgment that council makes that uh i guess um courts are ill-equipped to uh to look at in hindsight and determine that uh somehow or another a different should have been pursued in regards to any other claims of ineffective assistance of council defendants claims have been contradicted by the testimony of the attorneys it appears that judge o'brien has credited the testimony of those attorneys and there simply is no no prejudice that can be established here speculation is not enough speculation that they could have kendra methamphetamine uh which seems to me to be a fool's errand speculation as to that is simply not enough to establish a uh in a claim of ineffective assistance of council and with that i have nothing else unless the court has questions currently not at this point thank you so mr den how much time does he have remaining well is it as simple as your opponent says oh if it all if it only were um i think again i'm going to go back i'm going to start off by dealing with the the topic that mr with regard to the testimony of kendra davis well this is one example well there isn't any dispute between the testimony of the 20 to 55 hearing miss davis did show up at the 20 to 55 hearing she uh testified that she was never contacted by uh the attorney for mr espinoza or a private investigator uh on his behalf on mr espinoza's behalf so again that's the kind of um if it's if the testimony is is so clear then as to the or the evidence is so clear as to the conviction that's the kind of detail then the the defense attorney should have been uh should have been doing before the trial investigating witnesses uh discussing with him so then he could make an informed uh uh he can make an informed recommendation to his client as to what to what to do in this case and that goes back to my record show what she would have testified to had she been investigated and and called as a witness i think that the at the 2055 hearing she took the fifth amendment my uh so there was really she testified at the trial as to certain things the 2055 hearing she we subpoenaed her and she took the fifth amendment and the judge wouldn't compel her to testify beyond the fact that her statement that she was not contacted by a council for the defense the point i'm making isn't so much is i think i understand where you're coming from the point though is that given her testimony assuming everything she said about my client was true for a minute about what she saw in the the with regard to alleged conspiracy that goes to the decision to to not go forward and solicit an affirmative plea offer i understand there's some differences in the in the testimony on that but i think mr espinoza's testimony at the hearing was very clear that you know uh no plea offer was ever presented to him nor was it solicited by counsel on that so i think those are all the kind of things that would go with that decision to to seek a plea offer the case uh that needs to be discovered by the attorney before trial told to the client before trial go through the discovery file and in detail make those kinds of inquiries and then at that point an informed decision can be made so with that um and that also ties into the 851 notice too about the fact that the council didn't even know about it until the post-conviction relief just reveal reveals a just a lack of investigation into the details of the case with that unless you have questions that's all i have for today thank you judge we'll go on then to the second case which is